# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CHARLES EUGENE MOORE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Case No. 5:20-cv-1373-LCB-GMB** |
| ) | |
| **ADOC ASSOCIATE** ) | |
| **COMMISSIONER**, *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

## MEMORANDUM OPINION

On September 9, 2021, United States Magistrate Judge Gray M. Borden entered a Report and Recommendation (Doc. 92), recommending that the Court dismiss Charles Eugene Moore's petition for a writ of habeas corpus as unexhausted. On September 20 and 22, 2021, Moore filed objections to the Report and Recommendation. (Docs. 93 & 94).[1]

Moore objects to the Report and Recommendation on the grounds that that he exhausted his state-court remedies by filing a grievance in the Alabama Court of Criminal Appeals. He further claims that after filing that grievance, he was told he did not have a case pending in that court. (Doc. 93 at 1; Doc. 94 at 1). He admits,

---

[1] Moore also filed a letter on September 27, 2021, requesting an order for his release. (Doc. 96 at 1). On September 28, 2021, Moore filed another letter (Doc. 95) in which he addressed matters unrelated to this case, much as he has done in more than 50 documents filed in this matter, as the Magistrate Judge noted in the Report and Recommendation. (*See* Doc. 92 at n.4).

however, that he "did not file a petition for writ of certiorari in the Circuit Court of Montgomery County," but maintains that he should be excused from doing so because "the process would have [taken] to[o] long" and the circuit court would not have given him the relief he requested. (Doc. 94 at 1; *see also* Doc. 93 at 1). Moore also argues that a one-year statute of limitations should apply to his writ of habeas corpus since he is in custody. (Doc. 93 at 2; Doc. 94 at 1–2).

None of these arguments change the fact that Moore has failed to follow the Court's instruction that he must "file a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama, to challenge an administrative rule affecting his right to earn incentive good time." *Moore v. Warden*, No. 5:18-cv-25-AKK-TMP, Doc. 36 at 7 (citing *Ex parte Boykins*, 862 So. 2d 587, 593 (Ala. 2002)); (*see also* Doc. 92 at 5). Because Moore has not properly presented his claims to the state courts, his objections to the Report and Recommendation are **OVERRULED**.

Considering Moore's objections are now overruled, the Court reviews the Report and Recommendation. When a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the District Court must conduct a *de novo* review of those portions of the report to which the party has specifically objected. 28 U.S.C. §636(b)(1). Unchallenged portions of a Magistrate Judge's report are reviewed for clear error. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

Having reviewed the proposed findings and recommendations for clear error, the Court concludes that the Magistrate Judge's Report and Recommendation (Doc. 92) should be **ACCEPTED** and hereby **ADOPTS** it as the findings of the Court. The case is therefore **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** November 29, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE